United States District Court
Southern District of Texas
**ENTERED**
February 23, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DANIEL AIELLO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:22-CV-00018 |
| | § | |
| DALE WAINEWRIGHT, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION TO DENY PLAINTIFF'S
MOTION FOR A PRELIMINARY INJUNCTION**

Plaintiff Daniel Aiello, a Texas inmate proceeding *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's motion for a preliminary injunction (D.E. 2).  For the reasons set forth below, it is respectfully recommended that the motion be **DENIED**.

**I.   PROCEDURAL BACKGROUND AND ALLEGATIONS**

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and is currently residing at the McConnell Unit in Beeville, Texas.  The facts giving rise to Plaintiff's claims in this lawsuit occurred during Plaintiff's current assignment to the McConnell Unit.

In his original complaint, Plaintiff sues the Texas Department of Criminal Justice (TDCJ), TDCJ Executive Director Brian Collier, TDCJ CID Director Miguel Martinez, Chairman Dale Wainwright, and eight unknown board members.  (D.E. 1).  Plaintiff alleges

violations of the First and Fourteenth Amendment under Title 42 U.S.C. Section 1983, as well as violations of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. Sections 200cc-200cc-5.  (D.E. 1).  Plaintiff claims that Defendants have implemented an overly oppressive policy in violation of his First Amendment and Due Process rights.  (D.E. 1, pp. 6-17).  Plaintiff avers that Defendants' wrongful conduct in denying Plaintiff a wage for work done while in custody prevents Plaintiff from tithing in accordance with his Christian faith.  (D.E. 1, p. 6).  Plaintiff seeks declaratory and injunctive relief.  (D.E. 1 pp. 6-7).

Plaintiff asks the Court to issue a preliminary injunction requiring Defendants to compensate Plaintiff for the value of labor performed by Plaintiff so that he may tithe in accordance with his religious beliefs.  (D.E. 1, p. 17).

Defendants have not filed a responsive pleading in this case yet.  Service was ordered by this Court on February 1, 2022 and Defendants have forty-five days to respond after they are served with notice of this lawsuit.

## II.     DISCUSSION

### A.     Motion for Preliminary Injunction

In order to obtain a preliminary injunction under Federal Rule of Civil Procedure 65, the movant must demonstrate: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) the threatened injury outweighs any damage that the injunction might cause the

defendant; and (4) the injunction will not disserve the public interest. *Texans for Free Enterprise v. Texas Ethics Com'n*, 732 F.3d 535, 536-37 (5th Cir. 2013). Injunctive relief is an extraordinary remedy which requires the movant to unequivocally show the need for its issuance. *Sepulvado v. Jindal,* 729 F.3d 413, 417 (5th Cir. 2013) (internal citations and quotations omitted). Plaintiff must carry the burden as to all four elements before a preliminary injunction may be considered. *Voting for America, Inc. v. Steen*, 732 F.3d 382, 386 (5th Cir. 2013) (internal quotations and citations omitted).

To obtain preliminary injunctive relief, Plaintiff first must demonstrate a likelihood of success on the merits of his lawsuit. *Sepulvado*, 729 F.3d at 417. The posture of this case is in the early stage, as the Defendants have not yet been served and the parties have not conducted any discovery in this case with respect to Plaintiff's claims. The undersigned concludes that Plaintiff has failed to show a likelihood of success at this time with respect to the merits of his First Amendment, Due Process, and RLUIPA claims.

Second, in order to obtain preliminary injunctive relief, Plaintiff must show he will suffer irreparable harm if the injunction is denied. *Sepulvado*, 729 F.3d at 417. While summarily indicating that he is unable to tithe money in accordance with his religious beliefs, Plaintiff has presented nothing to show he is entitled to receive compensation for his work or that he has been unable to otherwise exercise his religious beliefs while in State custody. Because his complaints of irreparable harm are speculative at this time, he cannot demonstrate a substantial threat that he will suffer irreparable injury if the injunction is denied.

Under the third and fourth elements, Plaintiff must demonstrate that the threatened injury outweighs any damage that the injunction might cause the defendant and that the injunction will not disserve the public interest. *Sepulvado*, 729 F.3d at 417. His allegations of irreparable harm do not amount to a constitutional violation at this stage in the proceedings, and in the absence of such a violation, federal courts are reluctant to interfere in the internal affairs of a state prison system. *See Richie v. UTMB Hospital Galveston*, No. 2:12-CV-322, 2012 WL 12871940, at *2 (S.D. Tex. Oct. 18, 2012) (citing *Kahey v. Jones*, 836 F.2d 948, 950 (5th Cir. 1988)).

Lastly, interference with TDCJ policies at this early stage in the proceedings, would not be in the public's interest without a without a full opportunity for the facts to be developed beyond Plaintiff's allegations. *See Kahey*, 836 F.2d at 951. Accordingly, Plaintiff has failed to demonstrate either the third or fourth elements of the preliminary injunctive standard.

## III.   RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that Plaintiff's motions for a preliminary injunction (D.E. 2) be **DENIED**.

Respectfully submitted on February 23, 2022.

_____
Julie K. Hampton
United States Magistrate Judge

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).