United States District Court
Southern District of Texas
**ENTERED**
March 31, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DANIEL AIELLO, | § § § | |
| Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 2:22-CV-00018 |
| | § § | |
| BRIAN COLLIER, *et al.*, | § § § | |
| Defendants. | § | |

**ORDER ADOPTING AS MODIFIED MEMORANDUM & RECOMMENDATION**

Before the Court is Magistrate Judge Julie Hampton's Memorandum and Recommendation ("M&R"). (D.E. 36). The M&R recommends that the Court grant in part and deny in part Defendants' motion to dismiss. (D.E. 36, p. 23). Specifically, the M&R recommends that the Court:

- Grant Defendants' motion to dismiss to the extent that Plaintiff's equal protection claims should be dismissed with prejudice against Defendants in their official capacities; and

- Deny Defendants' motion to dismiss to the extent that Defendants seek dismissal of Plaintiff's: (1) claims seeking prospective injunctive relief as either barred by the Eleventh Amendment or outside the scope of the Prison Litigation Reform Act ("PLRA"); (2) Religious Land Use and Institutionalized Persons Act ("RLUIPA") claim against Defendants in their official capacities; and (3) First Amendment claim against Defendants in their official capacities.

*Id.* The M&R further recommends that the Court deny Plaintiff's motion for summary judgment without prejudice. *Id.* at 23. Defendants and Plaintiff timely filed objections to the M&R. (D.E. 37; D.E. 38). Plaintiff filed a response to Defendants' objections. (D.E. 41).

Having reviewed the proposed findings and conclusions of the M&R, the record, the applicable law, and having made a de novo review of the portions of the M&R to which the parties' objections were directed, 28 U.S.C. § 636(b)(1)(C), the Court **SUSTAINS in part** and

**OVERRULES in part** Defendants' objections, (D.E. 37); **OVERRULES** Plaintiff's objection, (D.E. 38); and **ADOPTS as modified** the findings and conclusions of the M&R, (D.E. 36). As such, the Court **ORDERS** the following:

- The Court **GRANTS in part** and **DENIES in part** Defendants' motion to dismiss. (D.E. 13).

- The Court **DENIES without prejudice** Plaintiff's motion for summary judgment. (D.E. 27).

- The Court **DISMISSES without prejudice**: (1) Plaintiff's claims against Defendant Texas Department of Criminal Justice ("TDCJ") for lack of subject matter jurisdiction; and (2) Plaintiff's RLUIPA and First Amendment claims against Defendants Patrick O'Daniel and Bryan Collier in their official capacities to the extent Plaintiff seeks injunctive relief. (D.E. 1).

- The Court **DISMISSES with prejudice** Plaintiff's Equal Protection claims against Defendants Patrick O'Daniel and Bryan Collier in their official capacities. (D.E. 1).

- The Court **RETAINS** Plaintiff's RLUIPA and First Amendment claims against Defendants Patrick O'Daniel and Bryan Collier in their official capacities to the extent Plaintiff seeks declaratory relief. (D.E. 1).

- The Clerk of Court is **ORDERED** to **TERMINATE** the following parties as defendants in this case: (1) TDCJ; and (2) "the eight unnamed board member[s]" of TDCJ. *See* (D.E. 1, p. 1, 6).

## I. Legal Standard

When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). As to any portion to which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

## II. Background

### A. Procedural History

Plaintiff, an inmate proceeding pro se and *in forma pauperis*, brings this prisoner civil rights suit against Defendants Brian Collier and Patrick O'Daniel in their official capacities and TDCJ. *See* (D.E. 1, p. 3, 8).[1] Plaintiff asserts violations of his First and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983 and violations of RLUIPA, 42 U.S.C. §§ 2000cc–2000cc-5. (D.E. 1, p. 6). According to Plaintiff, TDCJ policy mandates that Plaintiff work without compensation, which inhibits him from tithing one-tenth of his labor as his Christian faith requires, "thereby placing a 'substantial burden' on a religious exercise and Plaintiff[.]" *Id.* at 8–10. Plaintiff also asserts that his Equal Protection rights are being violated because other prisons and jails pay offenders, but TDCJ only pays offenders through its Prison Industries Enforcement Certification Program. *Id.* at 14. Plaintiff seeks a "[d]eclaration that Defendants have arbitrarily and capriciously" violated Plaintiff's First Amendment, Fourteenth Amendment, and RLUIPA rights; "[p]ermanent injunctive relief awarding Plaintiff compensation or a value for labor performed, thereby endorsing Plaintiff['s] right to [exercise] the religious belief of tithing"; and "[a]ny additional relief the Court deems just, proper[,] and equitable." *Id.* at 16–17.

Defendants filed a motion to dismiss Plaintiff's claims pursuant to Federal Rules of Civil

---

[1] Plaintiff originally sued Dale Wainwright, chairman of TDCJ, and "eight unnamed board member[s]" of TDCJ; Brian Collier; Miguel Martinez; and TDCJ. (D.E. 1, p. 3). Subsequently, Patrick O'Daniel was substituted for Wainwright, (D.E. 12; D.E. 17; D.E. 18), and Plaintiff voluntarily terminated his suit against Martinez, (D.E. 32; D.E. 33). While not explicitly stated, Plaintiff removed his claims against the unnamed TDCJ board members when he moved to amend the defendants in his case. *See* (D.E. 17, p. 1) (moving to amend the defendants in his case and listing "Patrick O' Daniel, Br[i]an Collier, Miguel Martinez, and the T.D.C.J." as defendants). This motion was granted, (D.E. 18), and the instant M&R did not include the unnamed board members in listing the defendants in this matter, *see* (D.E. 36, p. 2–3). Neither party objected to the M&R's list of defendants. *See* (D.E. 37; D.E. 38). For clarity of the record, Plaintiff's claims against the "eight unnamed board member[s]" of TDCJ were dismissed when Plaintiff amended the defendants in his case. *See* (D.E. 1, p. 3; D.E. 18).

3 / 19

Procedure 12(b)(1) and 12(b)(6). (D.E. 13). The motion argues that Plaintiff's claims are barred by Defendants' Eleventh Amendment immunity; the *Ex parte Young*, 209 U.S. 123, 159–60 (1908) exception to Eleventh Amendment immunity does not apply; Plaintiff's requested relief is impermissible under the PLRA; and Plaintiff failed to state a valid RLUIPA or constitutional claim. (D.E. 13, p. 3–14; D.E. 37, p. 2). Plaintiff, in turn, filed a motion for summary judgment. (D.E. 27). Subsequently, the M&R underlying this order was issued. (D.E. 36).

**B. The M&R**

The M&R first recommends denying Plaintiff's motion for summary judgment without prejudice to allow Plaintiff to renew his motion after a scheduling order is issued and discovery is conducted. *Id.* at 3–4. The M&R next recommends denying Defendants' motion to dismiss to the extent Defendants argue that Plaintiff's claims are barred by the Eleventh Amendment. *Id.* at 11–12. According to the M&R, Plaintiff's claims could fall under the *Ex parte Young* exception because Plaintiff seeks declaratory relief, and when "liberally construing" Plaintiff's request for injunctive relief, it targets a TDCJ "policy change" that would "modify and change TDCJ policies which control his use of time and require him to work while incarcerated without any compensation for his labor." *Id.* at 11. The M&R also finds that the PLRA's mandate that relief be narrowly drawn does not bar Plaintiff's claims at this stage in the proceeding, *id.* at 12–13 (referencing 18 U.S.C. § 3626(a)(1)(A)), and that Plaintiff has plausibly alleged a RLUIPA claim, *id.* at 19. Further, the M&R finds that Plaintiff has sufficiently alleged a First Amendment claim. *Id.* at 20–21. Lastly, the M&R recommends granting Defendants' motion to dismiss with respect to Plaintiff's Equal Protection claim because Plaintiff failed to allege that any named defendant acted with discriminatory purpose in enacting or implementing the policy excluding the majority of inmates from compensation for their labor. *Id.* at 22–23.

### C. Defendants' Objections

Defendants timely objected to the M&R. (D.E. 37). Defendants' objections can be summarized as follows: (1) The M&R erred in concluding that the *Ex parte Young* exception applies in this case because the plain language of Plaintiff's complaint seeks payment rather than a policy change, the effect on the state treasury would be direct rather than ancillary or incidental to any equitable relief requested, and the *Ex parte Young* exception cannot be invoked against TDCJ, *id.* at 4–7; (2) regardless of whether Plaintiff seeks payment or a policy change, the Court cannot grant Plaintiff's requested relief because doing so would violate the PLRA, the First Amendment's Establishment Clause, or both, *id.* at 8–9; (3) the M&R erred in concluding that Plaintiff stated a RLUIPA claim, *id.* at 9–11; and (4) the M&R erred in concluding that Plaintiff stated a First Amendment claim, *id.* at 11–12. Plaintiff timely responded to Defendants' objections. (D.E. 41); *see also* FED. R. CIV. P. 72(b)(2) (permitting response to another party's M&R objections).

### D. Plaintiff's Objection

Plaintiff timely objected to the M&R's recommendation that his Equal Protection claim be dismissed. (D.E. 38). Plaintiff's objection largely reiterates his Equal Protection claim, arguing that Defendants have failed to show a "rational reason" for denying Plaintiff compensation for mandated labor when other prisoners "are paid for work they are compelled to perform." *Id.* at 2. Plaintiff did not object to the M&R's recommendation that his motion for summary judgment be denied without prejudice. *See id.*; (D.E. 36, p. 3–4).[2]

---

[2] Neither party objected to the M&R's recommendation that Plaintiff's summary judgment motion, (D.E. 27), be denied, *see* (D.E. 37; D.E. 38), and the Court finds that the M&R's recommendation that the Court deny without prejudice the summary judgment motion is not clear error, *see* (D.E. 36, p. 3–4); *Wilson*, 864 F.2d at 1221. Accordingly, Plaintiff's motion for summary judgment is **DENIED without prejudice**. (D.E. 27).

### III. Analysis

### A. Defendants' Objections Are Sustained in Part and Overruled in Part

*i. Defendants' First Objection*

Defendants first object to the M&R's determination that the Eleventh Amendment does not bar Plaintiff's suit at this time. *See* (D.E. 37, p. 4–7). Specifically, Defendants' first objection argues that: (1) Plaintiff's "complaint seeks payment, not a policy change" making the *Ex parte Young* exception inapplicable to Plaintiff's claims; (2) granting Plaintiff's request for injunctive relief would have a "direct, not ancillary or incidental[,]" "effect on state coffers"; and (3) "TDCJ is an improper *Ex parte Young* defendant." *Id.*

a. <u>Applicable Sovereign Immunity Law</u>

When the Eleventh Amendment sovereign immunity bar applies, it implicates the Court's subject matter jurisdiction. *See Warnock v. Pecos Cnty.*, 88 F.3d 341, 343 (5th Cir. 1996). Federal courts have limited jurisdiction and must "presume[] that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "[T]he burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* "The Eleventh Amendment bars an individual from suing a state in federal court unless the state consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity." *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002). Sovereign immunity extends to "state officials sued in their official capacity for monetary relief[,]" *Swindle v. Livingston Par. Sch. Bd.*, 655 F.3d 386, 399 (5th Cir. 2011), and bars a suit against a state or state entity regardless of the relief sought, *see Briggs v. Mississippi*, 331 F.3d 499, 503 (5th Cir. 2003) (citing *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 186 (5th Cir. 1986)).

The *Ex parte Young* exception to sovereign immunity "allows private parties to bring 'suits

for injunctive or declaratory relief against individual state officials acting in violation of federal law.'" *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019) (quoting *Raj v. La. State Univ.*, 741 F.3d 322, 328 (5th Cir. 2013)). "There are three basic elements of an *Ex parte Young* lawsuit. The suit must: (1) be brought against state officers who are acting in their official capacities; (2) seek prospective relief to redress ongoing conduct; and (3) allege a violation of federal, not state, law." *Williams ex rel. J.E. v. Reeves*, 954 F.3d 729, 736 (5th Cir. 2020) (citing *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 394 (5th Cir. 2015)); *see also Verizon Md. Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635, 646 (2002) (explaining that a court can determine whether a claim fits into the *Ex parte Young* exception by conducting a "straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." (citation and internal quotations omitted)). Stated differently, for the *Ex parte Young* exception to apply, the plaintiff must seek "equitable relief—relief that is 'declaratory or injunctive in nature and prospective in effect.'" *Reeves*, 954 F.3d at 736 (quoting *Aguilar v. Tex. Dep't of Crim. Just.*, 160 F.3d 1052, 1054 (5th Cir. 1998)).

"[R]egardless of the nature of the relief [sought], 'a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by' state sovereign immunity." *Fontenot v. McCraw*, 777 F.3d 741, 753 (5th Cir. 2015) (quoting *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)). Nonetheless, some courts have permitted this type of equitable relief suit under the *Ex parte Young* exception if the liability sought imposes only an "'ancillary effect' on the state treasury[,]" meaning the effect is only "'incidental to the declaratory or injunctive relief'" that *Ex parte Young* permits. *Stollings v. Tex. Tech Univ.*, No. 5:20-CV-250, 2022 WL 824842, at *5 (N.D. Tex. Mar. 18, 2022) (Hendrix, J.) (quoting *Fontenot*, 777 F.3d at 753). Seeking "ancillary relief" alone, however, is not permissible under the *Ex parte Young* exception. *Fontenot*,

777 F.3d at 753. The payment from the state treasury must "accompany and further some other—and otherwise appropriate—relief." *Id.*

Appropriate ancillary relief in this context does not include compensating a plaintiff for a defendant's past violation of law. *See id.*; *Edelman*, 415 U.S. at 668 (noting relief is inappropriate under *Ex parte Young* when it is practically indistinguishable from a damages award against the state and will "be paid from state funds," rather than by individual state official defendants). However, appropriate ancillary relief does include incidental payment from the state treasury to the extent necessary to comply with a court's decrees that are prospective in nature and seek to remedy an ongoing violation of federal law. *See Edelman*, 415 U.S. at 667–68; *Fontenot*, 777 F.3d at 754–55.

### b. Applicable Law in Determining What Relief a Plaintiff Seeks

In determining what relief a plaintiff seeks, courts look to the substance of a pleading—not its label. *See, e.g., Armstrong v. Capshaw, Goss & Bowers, LLP*, 404 F.3d 933, 936 (5th Cir. 2005). In doing so, courts are required to construe a pro se plaintiff's pleadings liberally, *Estelle v. Gamble*, 429 U.S. 97, 107 (1976), but the court may not act as a pro se plaintiff's advocate, *see Republic Techs. (NA), LLC v. Gross*, No. 1:20-CV-00390, 2022 WL 18232137, at *10 (E.D. Tex. Dec. 8, 2022) (Hawthorn, Mag. J.), *report and recommendation adopted by* No. 1:20-CV-00390, 2023 WL 160221, at *1 (E.D. Tex. Jan. 11, 2023) (Crone, J.); *Alonso v. Agrigenetics*, No. Civ.A.B-04-005, 2004 WL 2668801, at *1 (S.D. Tex. Nov. 15, 2004) (Tagle, J.). District courts "cannot create a cause of action from pleadings where none exists." *United States v. Addington*, No. 91-1394, 1993 U.S. App. LEXIS 40452, at *10 (5th Cir. Jan. 26, 1993) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

### c. Plaintiff's Claims Against TDCJ Are Barred by Sovereign Immunity

In this case, the Eleventh Amendment and the *Ex parte Young* exception are implicated because Plaintiff brings claims pursuant to RLUIPA and 42 U.S.C. § 1983 against a state entity and state officials in their official capacities. *See* (D.E. 1, p. 6–7); *Martinez v. Tex. Dep't of Crim. Just.*, No. 3:21-cv-258, 2022 WL 16950279, at *3 (S.D. Tex. Nov. 15, 2022) (Brown, J.) (designated for publication) ("TDCJ is a state agency."). Neither the State of Texas nor Congress has waived sovereign immunity or consented to suit under these statutes. *See Sossamon v. Texas*, 563 U.S. 277, 285–91 (2011) (finding that RLUIPA did not waive sovereign immunity); *Copeland v. Livingston*, 464 F. App'x 326, 330 (5th Cir. 2012) ("Texas and its state employees in their official capacities enjoy sovereign immunity from RLUIPA damages actions."); *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) (Section 1983 claims "for money damages . . . are indeed barred by sovereign immunity."); *Ross v. Tex. Educ. Agency*, 409 F. App'x 765, 768 (5th Cir. 2011) (Sovereign immunity "applies to a party's § 1983 claims against a state or its agents."). Accordingly, for Plaintiff's case to proceed, the *Ex parte Young* exception must apply.

As Defendants correctly argue, "TDCJ is an improper *Ex parte Young* defendant." (D.E. 37, p. 7); *see, e.g., Paxton*, 943 F.3d at 1004 (holding the *Ex parte Young* exception does not apply to state agencies, regardless of the relief sought). TDCJ has not consented to suit nor has Congress abrogated the state's immunity in a manner allowing Plaintiff to bring claims against TDCJ in this context. Accordingly, TDCJ has Eleventh Amendment sovereign immunity from Plaintiff's suit in its entirety, and Defendants' objection that Plaintiff's claims against TDCJ are barred by the Eleventh Amendment is sustained. *See* (D.E. 37, p. 7–8).

### d. Plaintiff's Request for "Injunctive Relief" Fails

Further, *Ex parte Young* does not apply to Plaintiff's request for "permanent injunctive relief[,]" (D.E. 1, p. 17), because Plaintiff does not actually seek injunctive relief, and even if he

did, the relief Plaintiff requests has more than an ancillary effect on the state treasury. Plaintiff has not rebutted the presumption that his request for so-called injunctive relief lies outside of the Court's limited jurisdiction. *See Kokkonen*, 511 U.S. at 377.

Plaintiff states he seeks "permanent injunctive relief awarding Plaintiff compensation or a value for labor performed[.]" (D.E. 1, p. 17). However, the complaint's substance and other language indicate that this is actually a request for monetary damages, which must be paid from the state treasury and cannot be paid by any individual state official. *See id.* at 6–7, 17; *Fontenot*, 777 F.3d at 753; *Edelman*, 415 U.S. at 668; *see also Council 31 of the Am. Fed. of State, Cnty, & Mun. Emp. v. Quinn*, 680 F.3d 875, 883 (7th Cir. 2012) (noting that courts should look "not at the type of relief sought, but the effect the relief would have on the State if it were afforded to the plaintiff" and that "merely labeling the relief sought as injunctive does not defeat the eleventh amendment bar to suits that seek relief from the state treasury" (citation and internal quotations omitted)). Notwithstanding its obligation to liberally construe pro se complaints, the Court is constrained by its "legitimate advisory role" and cannot find that Plaintiff seeks a policy change or other form of injunctive relief when nothing beyond his conclusory labels suggests so, and the substance of his complaint suggests the opposite. *See Gross*, 2022 WL 18232137, at *10.

Plaintiff's request for "permanent injunctive relief" seeks compensation for his labor so that he may tithe. (D.E. 1, p. 1, 17). Despite using the phrase "injunctive relief[,]" Plaintiff's complaint does not indicate, even liberally construed, that he requests a policy change or other form of injunctive relief that would result in his receiving compensation. Rather, Plaintiff's complaint indicates that he seeks payment to support his religious beliefs. *See id.* at 17. The effect of granting this relief would be paying Plaintiff from the state treasury for work performed while in prison. *See id.* (seeking "compensation or a value for labor performed"). This type of

compensatory relief does not fall under the *Ex parte Young* exception, nor is it appropriate ancillary relief.[3] As such, the Court finds that it lacks subject matter jurisdiction over Plaintiff's request for injunctive relief. *See* (D.E. 1, p. 17). The Court sustains Defendant's first objection asserting that the *Ex parte Young* exception does not apply to Plaintiff's request for "injunctive relief." *See* (D.E. 37, p. 4–8).

### e. Sovereign Immunity Does Not Bar Plaintiff's Request for Declaratory Relief

In addition to "permanent injunctive relief[,]" (D.E. 1, p. 17), which is actually a request for monetary damages, *supra* section III.A.i.d, Plaintiff seeks a "[d]eclaration that Defendants have [arbitrarily] and capriciously by malfeasance of official duty under color of law did by fact violate Plaintiff[']s rights secured in [RLUIPA] and the U.S. Constitution 1st and 14th Amendments," *id.* at 16. Neither Defendants' objections nor their motion to dismiss address this portion of Plaintiff's requested relief. *See* (D.E. 13; D.E. 37). As discussed above, *see supra* section III.A.i.a, the *Ex parte Young* exception permits private parties to bring suits for declaratory relief against individual state officials in their official capacities if the party is seeking prospective relief addressing ongoing conduct that violates federal law. *See Reeves*, 954 F.3d at 736. Apart from Plaintiff's claims against TDCJ, *see supra* section III.A.i.c, Plaintiff's request for declaratory relief fits into the *Ex Parte Young* exception. *See* (D.E. 1, p. 16).

Plaintiff's request for a "declaration" that Defendants have violated his federal rights, *id.*, is a request for declaratory relief. *See* 28 U.S.C. § 2201(a); *Daves v. Dallas Cnty.*, 22 F.4th 522,

---

[3] As discussed below, *infra* section III.A.i.e, Plaintiff also requests declaratory relief, (D.E. 1, p. 16). To the extent the parties contend that Plaintiff's request for "injunctive relief" (i.e., compensation so that he may tithe) is "ancillary" to his request for declaratory relief, this argument fails. Compensation is not "incidental," *Stollings*, 2022 WL 824842, at *5; *Fontenot*, 777 F.3d at 753, to Plaintiff's requested "declaration that Defendants have . . . violate[d] [his] rights secured in [RLUIPA] and the U.S. Constitution[,]" (D.E. 1, p. 16).

544 (5th Cir. 2022) (noting that plaintiffs seeking a declaration that defendants violated their constitutional rights were seeking declaratory relief). Further, Plaintiff sues state officials Defendants Brian Collier and Patrick O'Daniel in their official capacities, *see* (D.E. 1, p. 3, 8; D.E. 12; D.E. 18), and Plaintiff seeks relief for alleged violations of federal law, specifically RLUIPA and the First and Fourteenth Amendments, *see* (D.E. 1). While Plaintiff requests a "[d]eclaration that Defendants *have* . . . violate[d]" his rights, his complaint in its entirety alleges ongoing violations as well. *Id.* at 16 (emphasis added). For example, Plaintiff alleges he is incarcerated and "is [currently] assigned a mandatory job" that "provides work time but no compensation . . . forcing Plaintiff to choose an activity that does not provide an income to tithe or be confronted with disciplinary consequences[.]" *Id.* at 8–9. Plaintiff's complaint also indicates that Defendants "*are* violating" his rights. *Id.* at 6 (emphasis added). Because Plaintiff seeks declaratory relief regarding ongoing violations, his request is not barred by state sovereign immunity pursuant to the *Ex parte Young* exception. *See id.* at 16; *Paxton*, 943 F.3d at 997; *Reeves*, 954 F.3d at 736; *Mayfield v. Tex. Dep't of Crim. Just.*, 529 F.3d 599, 603, 604–05 (5th Cir. 2008) (finding *Ex parte Young* exception applied where plaintiff asked "the court to declare" that defendants' actions—only allowing members of plaintiff's religion to meet when an approved volunteer could visit the prison—"violated the plaintiff's rights" (cleaned up)); *cf Mahan v. Tex. Dep't Pub. Safety*, No. 9:20-CV-119, 2020 WL 6935555, at *2 (E.D. Tex. Oct. 29, 2020) (Hawthorn, Mag. J) (finding that *Ex parte Young* exception did not apply to extent plaintiffs sought a declaration that state employees' "past adherence" to a state agency policy was unconstitutional), *recommendation adopted by* No. 9:20-CV-119, 2020 WL 6889006, at *1 (E.D. Tex. Nov. 23, 2020) (Clark, J.). Because Plaintiff's request for declaratory relief is not barred by sovereign immunity, Defendants' first objection is overruled to the extent that it asserts that Plaintiff's claims are entirely barred. *See* (D.E. 37, p. 4–

8).

In sum, Defendants' first objection is **OVERRULED in part** and **SUSTAINED in part**. (D.E. 37).

### ii. Defendants' Second Objection

Defendants' next objection argues that "the Court should dismiss [Plaintiff's] action as legally untenable" because "[n]o matter how the Court interprets [Plaintiff's] requested relief . . . it could not actually grant that relief without violating the PLRA, the First Amendment's Establishment Clause, or both." *Id.* at 8–9. Defendants pose this argument, however, in the context of Plaintiff's request for injunctive relief. *See id.* Defendants argue that "[i]f the Court were to mandate that TDCJ pay [Plaintiff] for his labor as an accommodation for his religious practice of tithing, such an injunction would violate the First Amendment's Establishment Clause." *Id.* at 8. Defendants alternatively argue that "if the Court were to mandate a policy change requiring that TDCJ pay all inmates for their labor, such a broad sweeping injunction would plainly violate the PLRA," *id.*; and "if the Court were to mandate a policy change requiring that TDCJ pay all Christian inmates—or all Christian inmates of a particular sect which practices tithing—for their labor, such an injunction would violate both the PLRA *and* the Establishment Clause," *id.* at 9. As stated above, Plaintiff's putative claim for injunctive relief, (D.E. 1, p. 17), is barred by sovereign immunity. *Supra* section III.A.i.d. Plaintiff's remaining request for relief seeks neither compensation from TDCJ nor a policy change. *See* (D.E. 1, p. 16). As such, Defendant's second objection is **OVERRULED as moot**. (D.E. 37).[4]

---

[4] If Plaintiff were to prevail on his request for declaratory relief, TDCJ's policy regarding payment to inmates could be collaterally affected. However, Plaintiff's request for declaratory relief is not seeking a policy change or payment, and the declaratory relief is the only requested relief before the Court, *supra* Part III.A.i.d–e. Defendants do not raise the specific effects of Plaintiff's request for declaratory relief on TDCJ's policies, *see, e.g.*, (D.E. 37), and similarly the M&R discusses only the PLRA's limits on Plaintiff's request for injunctive relief, *see* (D.E. 36, p. 12–13). As the Court's review is limited at the motion to

### iii. Defendants' Third Objection

Defendants' third objection is that Plaintiff fails to state a RLUIPA claim. (D.E. 37, p. 9–11). The M&R concludes that "Plaintiff has alleged sufficient facts to state a plausible RLUIPA claim" because "Plaintiff's allegations, accepted as true, adequately state that TDCJ's policies and practices substantially burden the exercise of his religious faith to tithe an appropriate amount for his labor." (D.E. 36, p. 18–19).

Under RLUIPA, "[n]o government shall impose a substantial burden on the religious exercise of a person . . . confined to an institution . . . unless the government demonstrates that imposition of the burden on that person" furthers "a compelling governmental interest" and "is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a)(1)–(2). "RLUIPA unambiguously creates a private right of action for . . . declaratory relief." *Sossamon v. Texas*, 560 F.3d 316, 326 (5th Cir. 2009), *aff'd*, *Sossamon*, 563 U.S. at 293. Whether a government action substantially burdens a plaintiff's religious exercise is determined on "a case-by-case, fact-specific" basis. *Adkins v. Kaspar*, 393 F.3d 559, 571 (5th Cir. 2004).

Defendants' objection to the M&R's recommendation to retain Plaintiff's RLUIPA claim reiterates their arguments posed in their motion to dismiss, which the M&R addressed, and challenges the M&R's reliance on *Johnson v. Wainwright*, No. 2:19-CV-341, 2021 WL 2472929, at *1 (S.D. Tex. June 17, 2021) (Ramos, J.). *See* (D.E. 37, p. 10). Defendants contend that *Johnson* was wrongly decided, and that "*Johnson* is factually distinguishable," meaning "its findings need not dictate the outcome here." *Id.* However, Defendants fail to support their assertion that *Johnson*

---

dismiss stage, *see Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014), and in reviewing objections to a M&R, *see* 28 U.S.C. § 636(b)(1)(C), the Court finds that speculating further as to the prospective effects a potential declaratory judgment may have on TDCJ's policies is improper at this juncture. Should Defendants wish to raise a PLRA or Establishment Clause argument as to Plaintiff's request for declaratory relief, they may do so in later dispositive motions.

was wrongly decided, and their argument that the two cases are factually distinguishable—and thus *Johnson*'s analysis should not apply—is unavailing. *See id.* at 10–11.

The plaintiff in *Johnson*, a TDCJ inmate, asserted a RLUIPA claim alleging he was forced to work at the prison's garment factory without compensation. *Johnson v. Wainwright*, No. 2:19-CV-341, 2021 WL 2935073, at *2 (S.D. Tex. Jan. 25, 2021) (Libby, Mag. J.), *recommendation adopted by* 2021 WL 2472929, at *3. According to Johnson, receiving no compensation prevented him from tithing, a "religious exercise." *Johnson*, 2021 WL 2472929, at *1. Defendants argue that *Johnson* is factually distinguishable from this case because the *Johnson* plaintiff alleged both a religious obligation to tithe *and* a religious prohibition against working without compensation, while Plaintiff only alleges a substantial burden on his ability to tithe. (D.E. 37, p. 10–11). However, the *Johnson* M&R and subsequent order adopting it found that the *Johnson* plaintiff had stated a RLUIPA claim by alleging that he could not tithe after receiving no compensation for his labor. *See Johnson*, 2021 WL 2935073, at *4; *Johnson*, 2021 WL 2472929, at *2 ("[T]he Court reads [p]laintiff's pleading . . . *not as treating the receipt of money as a religious exercise*, but as recognizing tithing as a religious exercise. And [d]efendants control that religious exercise by requiring [p]laintiff to work while depriving him of compensation for labor.") (emphasis added). Thus, while there may be some factual dissimilarities, *Johnson* remains markedly similar to this case, and the Court finds it persuasive in determining whether Plaintiff has minimally stated a RLUIPA claim. *See* (D.E. 1, p. 13) (stating that Plaintiff is forced to work without "compensation or value for his labor, thereby forcing [] Plaintiff to violate his religious exercise of tithing").

Accepting Plaintiff's allegations as true, which the Court must do at this stage in the proceedings, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681 (2009), Plaintiff adequately states that Defendants' policy of not compensating inmates for their labor imposes a substantial burden on

Plaintiff's religious exercise of tithing,[5] and Defendants fail at the pleading stage to show that the imposition of this burden furthers a compelling governmental interest and is the least restrictive means of doing so. *See* 42 U.S.C. § 2000cc-1(a). As such, Defendant's third objection is **OVERRULED**. (D.E. 37).

### iv. Defendants' Fourth Objection

Defendants' last objection argues that Plaintiff fails to state a First Amendment claim. *See id.* at 11–12. The M&R concludes that "Plaintiff's allegations, accepted as true, reflect that TDCJ policies have denied him the opportunity to exercise his religious belief associated with tithing" and that "[t]hese allegations are sufficient at this early stage in the litigation to warrant further factual and legal development of his First Amendment claim[.]" (D.E. 36, p. 20–21).

The First Amendment provides that "Congress shall make no law . . . prohibiting the free exercise" of religion. U.S. CONST. amend. I. Prison inmates retain their right to their free exercise of religion while incarcerated; however, this right is "subject to reasonable restrictions stemming from legitimate penological concerns." *DeMarco v. Bynum*, 50 F.4th 479, 482 (5th Cir. 2022) (internal quotations omitted). In determining whether a prison policy is reasonable, courts consider:

> (1) whether there is a "valid, rational connection" between the regulation and the government interest; (2) whether there are alternative means of exercising the rights that remain open to prisoners; (3) the impact that accommodation of the asserted constitutional rights would have on other prisoners, guards, and prison resources; and (4) the presence or absence of ready alternatives that fully accommodate a prisoner's rights at de minimis cost to valid penological interests.

*Id.* (citing *Turner v. Safley*, 482 U.S. 78, 89–91 (1987)). These factors need not be weighed equally,

---

[5] Defendants argue that it is "unclear" whether the religious exercise Plaintiff is asserting is being violated is receiving compensation to tithe or the receipt of money generally. *See* (D.E. 13, p. 9). Construing Plaintiff's complaint in his favor, as the Court must at this stage in the proceedings, *see Iqbal*, 556 U.S. at 678, 681, the Court finds that Plaintiff states that his religious exercise is being violated by not receiving compensation to tithe. (D.E. 1, p. 10, 13, 16, 17).

and "rationality is the controlling factor[.]" *Mayfield*, 529 F.3d at 607. "Moreover, the governmental [interest] must be a legitimate and neutral one." *Turner*, 482 U.S. at 90. Prison officials are entitled to deference in exercising their professional judgment. *Id.* at 90–91.

In objecting, Defendants again reiterate their motion to dismiss arguments, which the M&R addressed; specifically, Defendants posit that TDCJ has a legitimate interest in limiting the costs for housing and caring for inmates, and TDCJ applies its policy of not compensating inmates for their labor neutrally. *See* (D.E. 13, p. 13–14; D.E. 37, p. 11–12). At this stage in the proceedings, the Court agrees with the M&R's conclusion that Plaintiff's allegations are sufficient to warrant further factual and legal development of his First Amendment claim. *See* (D.E. 36, p. 20); *Fernandez-Montes v. Allied Plots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). While Defendants correctly state that "financial considerations" are a legitimate government interest, *see Freeman v. Tex. Dep't of Crim. Just.*, 369 F.3d 854, 861 n.10 (5th Cir. 2004); (D.E. 37, p. 12), and TDCJ's inmate compensation policy appears to be applied in a "neutral fashion[,]" *see Turner*, 482 U.S. at 90, the Court cannot analyze the remaining factors at this time. *See DeMarco*, 50 F.4th at 482. Because the Court must take Plaintiff's factual allegations as true and resolve any ambiguities or doubts regarding the sufficiency of the claim in Plaintiff's favor, *Fernandez-Montes*, 987 F.2d at 284, the Court cannot grant Defendant's motion to dismiss on this claim. As such, Defendants' fourth objection is **OVERRULED**. (D.E. 37).

### B. Plaintiff's Objection Is Overruled

Plaintiff's objection to the M&R asks that the Court retain his Equal Protection claim. (D.E. 38, p. 3). To the extent Plaintiff's equal protection claim is not barred by sovereign immunity, *see supra* section III.A.i, his objection must still be overruled on the merits.

Plaintiff's objection largely reargues the merits of his Equal Protection claim. *See* (D.E.

38, p. 2). To establish a § 1983 claim for an equal protection violation, "the plaintiff must demonstrate that prison officials acted with a discriminatory purpose." *Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir. 1995). In the equal protection context, discriminatory purpose "implies that the decisionmaker selected a particular course of action at least in part because of, and not simply in spite of, the adverse impact it would have on an identifiable group." *Id.* (internal quotations omitted). Here, Plaintiff's complaint fails to allege that any named defendant acted with discriminatory purpose in enacting or implementing the policy that excludes most inmates from compensation for their labor. *See* (D.E. 1, p. 14; D.E. 38, p. 2). As such, after conducting a de novo review, the Court agrees with the M&R's conclusion that "Plaintiff's allegations, accepted as true, fail to state an equal protection claim." (D.E. 36, p. 23). Plaintiff's objection is **OVERRULED**. (D.E. 38).

## IV. Conclusion

In summation, the Court agrees with the M&R's recommendation that Plaintiff's RLUIPA and First Amendment claims requesting declaratory relief be retained at this juncture. *See* (D.E. 1; D.E. 36, p. 13–21). Further, the Court agrees with the M&R's recommendation that Plaintiff's Equal Protection claim be dismissed. (D.E. 1; D.E. 36, p. 21–23). The Court finds, however, that it lacks subject matter jurisdiction over Plaintiff's request for "injunctive relief" because Plaintiff is actually seeking compensatory relief—meaning the claims are barred by sovereign immunity and not subject to the *Ex parte Young* exception. *See* (D.E. 1). The Court further finds it lacks subject matter jurisdiction over all of Plaintiff's claims against TDCJ as it is not a proper *Ex parte Young* defendant. *See id.* Lastly, as neither party objected to the M&R's recommendation that Plaintiff's motion for summary judgment be denied without prejudice, and the Court finds no clear error in that recommendation, the Court agrees that Plaintiff's summary judgment motion should

be denied. (D.E. 27; D.E. 36, p. 3–4).

Thus, having reviewed the proposed findings and conclusions of the M&R, the record, the applicable law, and having made a de novo review of the portions of the M&R to which the parties' objections were directed, 28 U.S.C. § 636(b)(1)(C), the Court **SUSTAINS in part** and **OVERRULES in part** Defendants' objections, (D.E. 37); **OVERRULES** Plaintiff's objection, (D.E. 38); and **ADOPTS as modified** the findings and conclusions of the M&R, (D.E. 36). As such, the Court **ORDERS** the following:

- The Court **GRANTS in part** and **DENIES in part** Defendants' motion to dismiss. (D.E. 13).

- The Court **DENIES without prejudice** Plaintiff's motion for summary judgment. (D.E. 27).

- The Court **DISMISSES without prejudice**: (1) Plaintiff's claims against Defendant TDCJ for lack of subject matter jurisdiction; and (2) Plaintiff's RLUIPA and First Amendment claims against Defendants Patrick O'Daniel and Bryan Collier in their official capacities to the extent Plaintiff seeks injunctive relief. (D.E. 1).

- The Court **DISMISSES with prejudice** Plaintiff's Equal Protection claims against Defendants Patrick O'Daniel and Bryan Collier in their official capacities. (D.E. 1).

- The Court **RETAINS** Plaintiff's RLUIPA and First Amendment claims against Defendants Patrick O'Daniel and Bryan Collier in their official capacities to the extent Plaintiff seeks declaratory relief. (D.E. 1).

- The Clerk of Court is **ORDERED** to **TERMINATE** the following parties as defendants in this case: (1) the TDCJ; and (2) "the eight unnamed board member[s]" of TDCJ. *See* (D.E. 1, p. 1, 6).

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
     March 31st, 2023